**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JAGJIT SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-88-G** |
| | ) | |
| **CHRIS GANTT, Facility Administrator of Cimarron Correctional Facility, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

# ORDER

On January 20, 2026, Petitioner Jagjit Singh filed a Petition for Writ of Habeas Corpus (the "Petition," Doc. No. 1) challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Amanda L. Maxfield for preliminary review. Certain Respondents[1] filed an Answer (Doc. No. 11), and Petitioner filed a Reply (Doc. No. 13).

On March 30, 2026, Judge Maxfield issued a Report and Recommendation ("R. & R.," Doc. No. 14), recommending that the Petition be granted in part and Petitioner be granted an individualized bond hearing before an Immigration Judge. Respondents filed an Objection (Doc. No. 15) to the R. & R.

---

[1] The appearing respondents are: Todd Blanche, United States Attorney General; Markwayne Mullin, U.S. Secretary of Homeland Security; David Venturella, Acting Director of ICE; and Norman Parrish, Acting Field Office Director, Dallas ICE Office.

Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objection has been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

*I. Background and Petitioner's Allegations*

Petitioner is a native and citizen of India who entered the United States on August 4, 2019. R. & R. at 2. He was apprehended at the border and later placed in removal proceedings pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). *Id.*; *see* Pet. Ex. 1 (Doc. No. 1-1). On November 15, 2029, Petitioner was released into the United States on a $3000 bond pursuant to 8 U.S.C. § 1226. R. & R. at 2.

On February 5, 2020, Petitioner filed a Form I-589 application for asylum. *Id.* His removal proceedings remain pending. *See id.*; Pet. ¶ 1.

Petitioner has employment authorization and works as a truck driver. R. & R. at 2. Petitioner alleges that he has complied with all supervision requirements and has no criminal history. *Id.* Petitioner alleges that on March 7, 2025, he received authorization from ICE to drive a truck throughout the United States. *Id.* at 3. On December 16, 2025, Petitioner was arrested during a traffic stop in Tulsa, Oklahoma. *Id.* After a state trooper contacted ICE, ICE authorized Petitioner's arrest for illegal entry and his detention. *Id.*

Petitioner remains in ICE custody at Cimarron Correctional Facility in Cushing, Oklahoma. *Id.* In his Petition, Petitioner argues that his arrest and ongoing detention violate his substantive and procedural due process rights under the Fifth Amendment. *See* Pet. ¶¶ 45-54.

*II. The Report and Recommendation*

After concluding that the Court has jurisdiction to consider Petitioner's claims, Judge Maxfield determined in relevant part that 8 U.S.C. § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See* R. & R. at 6-15. Accordingly, Judge Maxfield concluded that Petitioner is entitled to relief on his procedural due process claim in the form of an individualized bond hearing under 8 U.S.C. § 1226(a). *See id.* at 15-22.

Respondents object that the R. & R. erroneously concluded that § 1225(b)(2)(A) did not apply to Petitioner by failing to deem Petitioner an "applicant for admission" "seeking admission" under that statute. Resp'ts' Obj. at 2-12 (citing 8 U.S.C. § 1225(b)(2)(A)).

Following the issuance of the R. & R. and the submission of Respondents' Objection, the Tenth Circuit held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026). The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondents' objection is foreclosed by *Santillan Quiroz*. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. Pet. ¶¶ 6-7; *see Santillan Quiroz*, 180 F.4th at 1233. And, as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other

"opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1234; *see* Pet. ¶¶ 6, 10, 19. Accordingly, the mandatory-detention requirement of § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13.[2]

CONCLUSION

In accordance with the above, the Report and Recommendation (Doc. No. 14) is ADOPTED in relevant part.

IT IS THEREFORE ORDERED:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's procedural due process claim.
2. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.
3. Petitioner's remaining claims for relief are DISMISSED without prejudice.
4. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

[2] Because the Court finds that habeas relief is warranted on this basis, the Court need not address his remaining claims. *See Ghaly v. Figueroa*, No. CIV-26-616-G, 2026 WL 2474438, at *2 & n.3 (W.D. Okla. Aug. 21, 2026).

5. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 3rd day of November, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge